FILED

JAN 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

(202) 246-7677

**VICTOR H. SPARROW, III**
1768 Willard Street, Northwest
Washington, District of Columbia 20009

Plaintiff,

v.

**LITTON LOAN SERVICING, LP.**
4828 Loop Central Drive
Houston, Texas 77081

Defendants.

) Civil Case No.:

CASE NUMBER 1:06CV00087

JUDGE: Henry H. Kennedy

DECK TYPE: Pro se General Civil

DATE STAMP: 01/17/2006

JURY ACTION

## COMPLAINT FOR DECLARATORY JUDGMENT, ACCOUNTING, INJUNCTIVE RELIEF & DAMAGES.

## PRELIMINARY STATEMENT

Plaintiff seeks damages and an accounting of and for mortgage payments made for his personal residence located at 1768 Willard Street, Northwest, Washington, District of Columbia 20009-1719 (the "Residence"). This cause is a "Federal question" action for damages and declaratory relief against Defendant Litton Loan Servicing, L.P. ("Litton") for its continuing violations since July 1, 2005 of 12 ***United States Code*** §§ 2605(e)(1),(2), & (3) as well as 15 ***United States Code*** §§ 1601, 1631, 1639, & 1647. The ennui, lethargy, and lack of disclosure by Litton also constitute egregious violations of the "District of Columbia Consumer Protection Procedures Act" (28 ***District of Columbia Code*** § 3901 ***et seq.***).

The Plaintiff seeks full disclosure and an accounting of his mortgage loan administered by the Defendant ("Mortgage") on the Residence.

The Plaintiff invokes the "supplemental jurisdiction" of this Court over the District of Columbia causes of action sounding in "predatory lending",

negligence, emotional distress, as well as District of Columbia Consumer Protection Procedures Act.

The United States District Court for the District of Columbia possesses "supplemental jurisdiction" within the meaning of 28 ***United States Code*** § 1367(a) over the District of Columbia causes of action sounding in "predatory lending" (Title 26A ***District of Columbia Municipal Regulations***, "Banking and Financial Institutions" "Chapter 20 Predatory Lending" & 13 ***District of Columbia Code*** §263), negligence and emotional distress, and District of Columbia Consumer Protection Procedures Act.

In addition to "federal question jurisdiction" (28 ***United States Code*** §1331) under 15 ***United States Code*** §1640(e) over this cause, "complete diversity" within the meaning of 28 ***United States Code*** §1332 exists between the Plaintiff and the Defendant.

The plaintiff demands a jury trial for all causes of action delineated in this Complaint.

**COUNT ONE**

**FEDERAL CAUSES OF ACTION**

**1.** Plaintiff, Victor H. Sparrow, III, is a citizen of the United States and of the District of Columbia ("Sparrow"). At all times pertinent hereto the Residence of the Plaintiff and current business address is now and has been 1768 Willard Street, Northwest, Washington, District of Columbia 20009-1719. Sparrow is also a "Consumer" within the meaning of 28 ***District of Columbia Code*** § 3901 *et seq*.

**2.** Defendant Litton Loan Servicing, L.P., 4828 Loop Central Drive, Houston, Texas 77081 assumed the servicing functions of this "adjustable rate" Mortgage on or about July 1, 2004. Litton is a "merchant" within the meaning of 28 ***District of Columbia Code*** § 3901.

**3.** The Mortgage is a "residential mortgage" within the meaning of § 45-715.1(a) of the ***District of Columbia Code***.

**4.** Plaintiff, throughout the course of the loan, requested reconciliations of the Mortgage (payments, "application of additional payments to "suspense accounts" rather than reductions of principal, as well as the timing of "adjustable rate adjustments") as required by 12 ***United States Code*** § 2605 of and from Litton.

**5.** On June 8, 2005 and August 6, 2005, the Plaintiff provided Defendant Litton with a "qualified written requests" within the meaning of 12 ***United States Code*** § 2605(e)(1)(B) seeking clarification of extra payments against the principal of the Mortgage. A true xerographic copy of these letters are attached and incorporated collectively by reference as Exhibit "1." As of the date of this complaint, Defendant Litton has failed to provide Plaintiff with a substantive response.

**6.** On August 19, 2005, the Plaintiff provided Defendant Litton with a "qualified written request" within the meaning of 12 ***United States Code*** § 2605(e)(1)(B) seeking a reconciliation of the increase in his adjustable rate mortgage indicating that the notice of adjustment had not been made in a timely manner. A true xerographic copy of this letter is attached and incorporated by reference as Exhibit "2." As of the date of this complaint, Defendant Litton has failed to provide Plaintiff with a substantive response.

**7.** On or about August 25, 2005 (although the letter itself bears the date of August 18, 2005), Defendant Litton returned the mortgage payment made by the Plaintiff for August, 2005. A true xerographic copy of this letter is attached and incorporated by reference as Exhibit "3."

**8.** On September 8, 2005, Plaintiff wrote to Defendant Litton through counsel, MacFadyen & MacFadyen, raising the "suspense account" and "adjustment issues." A true xerographic copy of this letter is attached and incorporated by reference as Exhibit "4." As of the date of this complaint, Defendant Litton has failed to provide Plaintiff with a substantive response.

**9.** On October 11, 2005, Plaintiff again wrote to Defendant Litton through counsel, MacFadyen & MacFadyen, raising the "suspense account" and "adjustment issues." A true xerographic copy of this letter is attached and incorporated by reference as Exhibit "5." As of the date of this complaint, Defendant Litton has failed to provide Plaintiff with a substantive response.

**10.** On October 12, 2005, although no substantive response had been provided to the "qualified written requests" by the Plaintiff, Defendant Litton through counsel advised the Plaintiff "… that Litton believes that it has done nothing wrong. That position has not changed." A true xerographic copy of the e-mail is attached and incorporated by reference as Exhibit "6."

**11.** On November 10, 2005, Plaintiff wrote to Defendant Litton raising the "suspense account" and "adjustment issues." This letter placed Litton on notice of the consequences of its failure to adequately and accurately reflect loan payments made by the Plaintiff. The letter specifically placed Litton on notice of the direct and consequential financial damage to be suffered by the Plaintiff if payments on the Mortgage were to continue to be reported to credit reporting agencies incorrectly. This damage included the inability of the Plaintiff to refinance the Residence as well as an inability to obtain favorable financing for the purchase of a property in Baltimore, Maryland. A true xerographic copy of this letter is attached and incorporated by reference as Exhibit "7."

**12.** On November 16, 2005 and November 17, 2005, Plaintiff wrote to Defendant Litton by e-mail raising the "suspense account" and "adjustment issues." This letter also referred to the necessity of loan payment history with "no lates" with the Mortgage in "current status." True xerographic copies of these e-mails are attached and collectively incorporated by reference as Exhibit "8." This inquiry was formally acknowledged by Defendant Litton in a letter dated December 27, 2005. A true xerographic copy of this letter is attached and incorporated by reference as Exhibit "9."

**13.** On November 18, 2005, Defendant Litton by e-mail to Plaintiff refused to provide a loan payment history with "no lates" with the Mortgage in "current status." A. true xerographic copies of this e-mail is attached and incorporated by reference as Exhibit "10."

**14.** Due to this incorrect reporting of payments on the Mortgage to Community Mortgage and others in violation of the "credit protection provisions" of 12 ***United States Code*** § 2605(e)(3), the Plaintiff was unable to refinancing on the Residence at competitive rates and was instead required to sell it for less than its fair market value.

**15.** On November 15, 2005, in connection with the sale of the Residence, Defendant Litton provided a "Payoff Statement" in the amount of $438,338.78. A true xerographic copy of this "Payoff Statement" is attached and incorporated by reference as Exhibit "11."

**16.** On November 30, 2005 and December 5, 2005, the Plaintiff wrote Defendant Litton seeking clarification of the amounts contained in the "Payoff Statement." True xerographic copies of these letters are attached and collectively incorporated by reference as Exhibits "12."

**17.** On December 16, 2005, although the Residence had been sold on or about December 10, 2005 and Litton had been paid and received its incorrect and improper $441,000 demand, the Plaintiff made an additional payment of $3,400.00 to Litton. A true xerographic copy of this letter is attached and incorporated by reference as Exhibit "13."

**18.** On December 27, 2005, Defendant Litton by e-mail again acknowledged the receipt of the several requests made by the Plaintiff. A true xerographic copy of this letter is attached and incorporated by reference as Exhibit "14." As of the date of this complaint, Defendant Litton has failed to provide Plaintiff with a substantive response to these qualified written requests.

**19.** In the interim, it became necessary for the Plaintiff to accept a loan for the contracted purchase of a property in Baltimore at extremely unfavorable

"hard money" rates (approximating 8.9%) due to the unfavorable mortgage payment history reported by Litton in violation of 12 ***United States Code*** § 2605(e)(3) .

**20.** On December 22, 2005, Defendant Litton forwarded a "Billing Statement" dated "12/15/2005" to Plaintiff reflecting a "Total Payment Now Due" of $6,888.20. A true xerographic copy of this Billing Statement is attached and incorporated by reference as Exhibit "15."

**21.** As a direct and proximate result of the actions by Litton, the Plaintiff has suffered and continues to suffer substantial harm all to his damage in an amount according to proof including.

**COUNT TWO**

**DISTRICT OF COLUMBIA CAUSES OF ACTION.**

**22.** Paragraphs One through Twenty-One are hereby incorporated by reference as if fully set out herein.

**23.** The conduct the Defendant constitutes "predatory lending," negligence and the tort of "intentional infliction of emotional distress" under the substantive law of the District of Columbia. As a direct and proximate result of the conduct and actions alleged above, the Defendant has injured the pecuniary and economic interests of the Plaintiff in violation of the law of the District of Columbia.

**24.** The conduct the Defendant constitutes "usury" under the substantive law of the District of Columbia. As a direct and proximate result of the conduct and actions alleged above, the Defendant has injured the pecuniary and economic interests of the Plaintiff in violation of the law of the District of Columbia.

**25.** The conduct of the Defendant constitutes a violation of the District of Columbia Consumer Protection Act" (28 ***District of Columbia Code*** § 3901 ***et seq.***), predatory lending," negligence and the tort of "intentional infliction of emotional distress" as well as an unlawful trade practice under 28 ***District of***

*Columbia Code* § 3904 under the substantive law of the District of Columbia including but not limited to the application of payments by the Plaintiff to escrows rather than the correct substantive accounts. As a direct and proximate result of the conduct and actions alleged above, the Defendant has injured the pecuniary and economic interests of the Plaintiff in violation of the law of the District of Columbia.

**COUNT THREE**

**ACCOUNTING.**

**26.** Paragraphs One through Twenty-One are hereby incorporated by reference as if fully set out herein.

**27.** As a result of the aforementioned acts and omissions, Defendant Litton has received money, a portion of which is due to Plaintiff, as previously alleged.

**28.** The amount of money due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements of all Mortgage payments, their derivations and basis. Plaintiff__ is informed and believes and thereon alleges that the amount due to Plaintiff for such improperly and incorrectly paid amounts exceeds $20,000.00.

**29.** Plaintiff has demanded an accounting of the aforementioned payments, additional payments, and "Payoff Statement" from Defendant Litton_ and payment of the amount found due but Defendant has failed and refused, and continues to fail and refuse, to render such an accounting and to pay such sum.

**WHEREFORE**, the Plaintiff prays:

**1.** That the rights of the Plaintiff to injunctive relief in the form of an accounting and that his further equitable to disclosure and specific performance be adjudicated and declared;

**2.** That the Court enter an order requiring the Defendants to fulfill their statutory duties;

3. That the Plaintiff be awarded $1,000.00 for each violation of the Consumer Protection Procedures Act and treble damages pursuant to the District of Columbia Consumer Protection Procedures Act;

4. That the Plaintiff be allowed to recover his reasonable attorneys' fees, and all costs associated with the filing and its prosecution of this cause;

5. That an accounting between Plaintiff and Defendant be ordered for the amount found to be due from Defendant to Plaintiff as a result; and

6. That the Plaintiff be awarded such other and further relief in law or equity as the Court may deem just and proper including but not limited to those direct and consequential damages stemming from the failure of the Defendant to respond to his "qualified written requests" within the meaning of 12 ***United States Code*** § 2605(e)(1)(B) in a timely manner and those stemming from its breach of the "credit protection provisions" found in 12 ***United States Code*** § 2605(e)(3)

The Plaintiff demands a jury trial of all causes of action contained in this Complaint.

Dated: January 17, 2005

THE PLAINTIFF

Victor H. Sparrow, IIII

Plaintiff Pro Se
1768 Willard Street, Northwest
Washington, District of Columbia 20009

Telephone: (202) 246-7677

**VERIFICATION**

I, Victor H. Sparrow, III, in my personal capacity of my own personal knowledge state and declare under penalty of perjury including but not limited to 28 ***United States Code*** § 1746 under the laws of the District of Columbia and the United States, that I have read and am thoroughly familiar with each of the allegations of the foregoing "Complaint." Each of the allegations is true and correct based upon my own personal. Each of the documents contained in Exhibits One through Fifteen attached to the Complaint is a true xerographic copy of a document which is now or has been in my possession.

Executed on this 17th day of January, 2006 at Washington City within the District of Columbia.

Dated: January 17, 2006

Victor H. Sparrow, III