**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

VICTOR H. SPARROW, III              \*

    Plaintiff,                           \*

                                                CIVIL ACTION NO.:

v.                                                  \*

                                                1:06cv00087

LITTON LOAN SERVICING, L.P           \*

    Defendant                          \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LITTON LOAN SERVICING, LP'S ANSWER TO DEFENDANT'S COMPLAINT FOR DECLARATORY JUDGMENT, ACCOUNTING, INJUNCTIVE RELIEF & DAMAGES**

**NOW COME**, Litton Loan Servicing, LP by and through their attorneys, Michael T. Cantrell, and Friedman & MacFadyen, P.A., in response to the Plaintiff's "Complaint for Declaratory Judgment, Accounting, Injunctive Relief & Damages," and say to this Court the following:

**First Defense**

The Complaint for Declaratory Judgment, Accounting, Injunctive Relief & Damages fails to state a claim upon which relief may be granted as to the Defendant.

**Second Defense**

In response to specific allegations set forth in the Complaint for Declaratory Judgment, Accounting, Injunctive Relief & Damages, the Defendant states:

**Count I**
**(Federal Causes of Action)**

1. They admit the allegations contained in Paragraph 1 of the Plaintiff's "Complaint."

2. They deny the allegations contained in Paragraph 2 of the Plaintiff's "Complaint."

3. They deny the allegations contained in Paragraph 3 of the Plaintiff's "Complaint."

4. They deny the allegations contained in Paragraph 4 of the Plaintiff's "Complaint."

5. They deny the allegations contained in Paragraph 5 of the Plaintiff's "Complaint."

6. They deny the allegations contained in Paragraph 6 of the Plaintiff's "Complaint."

7. They admit the allegations contained in Paragraph 7 of the Plaintiff's "Complaint."

8. They deny the allegations contained in Paragraph 8 of the Plaintiff's "Complaint."

9. They deny the allegations contained in Paragraph 9 of the Plaintiff's "Complaint."

10. They deny the allegations contained in Paragraph 10 of the Plaintiff's "Complaint."

11. They deny the allegations contained in Paragraph 11 of the Plaintiff's "Complaint."

12. They admit the allegations contained in Paragraph 12 of the Plaintiff's "Complaint."

13. They deny the allegations contained in Paragraph 13 of the Plaintiff's "Complaint."

14. They deny the allegations contained in Paragraph 14 of the Plaintiff's "Complaint."

15. They admit the allegations contained in Paragraph 15 of the Plaintiff's "Complaint."

16. They deny the allegations contained in Paragraph 16 of the Plaintiff's "Complaint."

17. They deny the allegations contained in Paragraph 17 of the Plaintiff's "Complaint."

18. They deny the allegations contained in Paragraph 18 of the Plaintiff's "Complaint."

19. They deny the allegations contained in Paragraph 19 of the Plaintiff's "Complaint."

20. They admit the allegations contained in Paragraph 20 of the Plaintiff's "Complaint."

21. They deny the allegations contained in Paragraph 21 of the Plaintiff's "Complaint."

**Count II**
**(District of Columbia Causes of Action)**

22. Litton incorporates by reference its admissions and denials to the factual allegations contained in Paragraphs 1 through 21 above as if fully set forth herein.

23. They deny the allegations contained in Paragraph 23 of the Plaintiff's "Complaint."

24. They deny the allegations contained in Paragraph 24 of the Plaintiff's "Complaint."

25. They deny the allegations contained in Paragraph 25 of the Plaintiff's "Complaint."

## Count III
### (Accounting)

26. Litton incorporates by reference its admissions and denials to the factual allegations contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. They deny the allegations contained in Paragraph 27 of the Plaintiff's "Complaint."

28. They deny the allegations contained in Paragraph 28 of the Plaintiff's "Complaint."

29. They deny the allegations contained in Paragraph 29 of the Plaintiff's "Complaint."

### Third Defense

Plaintiff lacks standing or capacity to bring the claims asserted in the Complaint for Declaratory Judgment, Accounting, Injunctive Relief & Damages.

### Fourth Defense

The provisions of the 12 USC §§ 2605(e)(1) are inapplicable to the instant case, and, therefore fails to state a claim against the Defendant upon which relief can be granted.

### Fifth Defense

The provisions of the 12 USC §§ 2605(e)(2) are inapplicable to the instant case, and, therefore fails to state a claim against the Defendant upon which relief can be granted.

### Sixth Defense

The provisions of the 12 USC §§ 2605(e)(3) are inapplicable to the instant case, and, therefore fails to state a claim against the Defendant upon which relief can be granted.

### Seventh Defense

The provisions of the 15 USC §§ 1601 are inapplicable to the instant case, and, therefore fail to state a claim against the Defendant upon which relief can be granted.

### Eighth Defense

The provisions of the 15 USC §§ 1631 are inapplicable to the instant case, and, therefore fail to state a claim against the Defendant upon which relief can be granted.

### Ninth Defense

The provisions of the 15 USC §§ 1639 are inapplicable to the instant case, and, therefore fail to state a claim against the Defendant upon which relief can be granted.

### Tenth Defense

The provisions of the 15 USC §§ 1647 are inapplicable to the instant case, and, therefore fail to state a claim against the Defendant upon which relief can be granted.

### Eleventh Defense

The provisions of the 28 District of Columbia Code § 3901 et seq. are inapplicable to the instant case, and, therefore fail to state a claim against the Defendant upon which relief can be granted.

### Twelfth Defense

Plaintiff's claims for equitable relief fail to state claims upon which relief can be granted because Plaintiff possesses adequate remedies at law, and has failed to establish his entitlement to extraordinary relief.

### Thirteenth Defense

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### Fourteenth Defense

Plaintiff's claims are barred by *res judicata.*

### Fifteenth Defense

Plaintiff's alleged damages, if any, were proximately caused by acts or omissions of others over whom the Defendants have no right of control.

### Sixteenth Defense

Any errors or omissions alleged by Plaintiff were the product of bona fide errors notwithstanding the existence of procedures reasonably adapted to prevent such errors or omissions.

### Seventeenth Defense

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or laches.

### Eighteenth Defense

The Defendant reserves the right to reasonably amend or supplement their answer.

**WHEREFORE,** having fully responded to the Plaintiff's factual averments and allegations contained in the Complaint for Declaratory Judgment, Accounting, Injunctive Relief & Damages in full, the Defendant respectfully requests that this Honorable Court dismiss, with prejudice, all claims asserted against them by Plaintiff and award them such additional and further relief as the court deems just and proper.

Respectfully submitted,

FRIEDMAN & MacFADYEN, PA.

/s/ Michael T. Cantrell

---

Michael T. Cantrell
Attorney for Defendant, Litton Loan Servicing, LP
210 East Redwood Street
Baltimore, Maryland 21202
DC Federal Bar # 387615
(410) 685-1763

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on this 16th day of March, 2006, a copy of the foregoing Response to Plaintiff's "Complaint for Declaratory Judgment, Accounting, Injunctive Relief & Damages", was sent, via U.S. First Class Mail, postage prepaid, to: Victor H. Sparrow, III, 1768 Willard Street NW, Washington, DC 20009.

/s/ Michael T. Cantrell

---

Michael T. Cantrell

In the event that this document is being filed electronically without original signatures, by my electronic signature above, I Michael Cantrell, HEREBY CERTIFY that the copy of the Response to the Motion for Default submitted to the Court are identical to those set forth in the original; and the signature represented by the /s/ on this copy reference the signature on the original.