IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

VICTOR H. SPARROW, III          \*

      Plaintiff,          \*

                                       CIVIL ACTION NO.:

v.          \*

                                       1:06cv00087

LITTON LOAN SERVICING, L.P          \*

      Defendant          \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LITTON LOAN SERVICING, LP'S ANSWER TO PLAINTIFF'S**
**"REQUEST FOR ADMISSIONS"**

NOW COME, Litton Loan Servicing, LP by and through their attorneys, Michael T. Cantrell, and Friedman & MacFadyen, P.A., in response to the Plaintiff's "Request for Admissions," and say the following:

    1. It admits the allegation contained in Paragraph 1 of Plaintiff's "Request for Admission."

    2. It admits the allegation contained in Paragraph 2 of Plaintiff's "Request for Admission."

    3. It denies the allegation contained in Paragraph 3 of Plaintiff's "Request for Admission."

    4. It admits the allegation contained in Paragraph 4 of Plaintiff's "Request for Admission."

    5. It admits the allegation contained in Paragraph 5 of Plaintiff's "Request for Admission."

    6. It denies the allegation contained in Paragraph 6 of Plaintiff's "Request for Admission."

7. It denies the allegation contained in Paragraph 7 of Plaintiff's "Request for Admission."

8. It denies the allegation contained in Paragraph 8 of Plaintiff's "Request for Admission."

9. It denies the allegation contained in Paragraph 9 of Plaintiff's "Request for Admission."

10. It admits that copies of the unsigned two letters referred to in Paragraph 10 of Plaintiff's "Request for Admissions" are attached to the Complaint as Exhibit 1. Any implied consequence of the letter is denied.

11. It denies the allegation contained in Paragraph 11 of Plaintiff's "Request for Admission."

12. It denies the allegation contained in Paragraph 12 of Plaintiff's "Request for Admission."

13. It denies the allegation contained in Paragraph 13 of Plaintiff's "Request for Admission."

14. It denies the allegation contained in Paragraph 14 of Plaintiff's "Request for Admission."

15. It admits that an unsigned copy of a letter dated August 19, 2005 is attached to the Complaint as Exhibit "2." Any implied consequence of the letter is denied.

16. It admits that a letter dated August 18, 2005 was sent to the Plaintiff, the balance of the Request for Admission is denied.

17. It admits the allegation contained in Paragraph 17 of Plaintiff's "Request for Admissions."

18. It denies the allegation contained in Paragraph 18 of Plaintiff's "Request for Admissions." Further it denies the representation that Friedman & MacFadyen was counsel at the time of the submission of the letter.

19. It admits that a copy of a letter dated September 8, 2005 is attached as Exhibit "4.'

20. It denies the allegation contained in Paragraph 20 of Plaintiff's "Request for Admissions."

21. It denies the allegation contained in Paragraph 21 of Plaintiff's "Request for Admissions." Further it denies the representation that Friedman & MacFadyen was counsel at the time of the submission of the letter.

22. It denies that Exhibit "5" is a letter dated September 8, 2006.

23. It admits the allegation contained in Paragraph 23 of Plaintiff's "Request for Admissions," however it denies that it was made through counsel.

24. It admits the allegation contained in Paragraph 24 of Plaintiff's "Request for Admissions."

25. It denies the allegations contained in Paragraph 25 of Plaintiff's "Request for Admissions."

26. It denies the allegations contained in Paragraph 26 of Plaintiff's "Request for Admissions."

27. It admits that an unsigned copy of a letter dated November 10, 2005 is attached to the Complaint as Exhibit "7." Any implied consequence of the letter is denied.

28. It admits the allegation contained in Paragraph 28 of Plaintiff's "Request for Admissions."

29. It denies the allegations contained in Paragraph 29 of Plaintiff's "Request for

Admissions."

30. It denies the allegations contained in Paragraph 30 of Plaintiff's "Request for Admissions."

31. It denies the allegations contained in Paragraph 31 of Plaintiff's "Request for Admissions."

32. It admits the allegations contained in Paragraph 32 of Plaintiff's "Request for Admissions."

33. It denies the allegations contained in Paragraph 33 of Plaintiff's "Request for Admissions."

34. It admits the allegations contained in Paragraph 34 of Plaintiff's "Request for Admissions."

35. It admits the allegations contained in Paragraph 35 of Plaintiff's "Request for Admissions."

36. It denies the allegations contained in Paragraph 36 of Plaintiff's "Request for Admissions."

37. It denies the allegations contained in Paragraph 37 of Plaintiff's "Request for Admissions."

38. It admits the allegations contained in Paragraph 38 of Plaintiff's "Request for Admissions."

39. It admits the allegations contained in Paragraph 39 of Plaintiff's "Request for Admissions."

40. It admits the allegations contained in Paragraph 40 of Plaintiff's "Request for Admissions."

41. It admits the allegations contained in Paragraph 41 of Plaintiff's "Request for Admissions."

Respectfully submitted,

FRIEDMAN & MacFADYEN, PA.

/s/ Michael T. Cantrell

_____

Michael T. Cantrell
Attorney for Defendant, Litton Loan Servicing, LP
210 East Redwood Street
Baltimore, Maryland 21202
DC Federal Bar # 387615
(410) 685-1763

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on this 16th day of June, 2006, a copy of the foregoing Response to Plaintiff's "Complaint for Declaratory Judgment, Accounting, Injunctive Relief & Damages", was e-filed and sent via U.S. First Class Mail, postage prepaid, to: Victor H. Sparrow, III, 1768 Willard Street NW, Washington, DC 20009.

/s/ Michael T. Cantrell

_____

Michael T. Cantrell

In the event that this document is being filed electronically without original signatures, by my electronic signature above, I Michael Cantrell, HEREBY CERTIFY that the copy of the Response to the Motion for Default submitted to the Court are identical to those set forth in the original; and the signature represented by the /s/ on this copy reference the signature on the original.

Case 1:06-cv-00087-HHK   Document 10   Filed 06/16/2006   Page 6 of 7