IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR H. SPARROW, III** <br> 1768 Willard Street, Northwest <br> Washington, District of Columbia 20009 <br><br> Plaintiff, <br> v. <br><br> **LITTON LOAN SERVICING, LP.** <br> 4828 Loop Central Drive <br> Houston, Texas 77081 <br><br> Defendant. | Case No.: **1:06cv00087 (HHK)** <br><br><br><br><br><br><br> December 31, 2007 <br><br> **RECEIVED** <br><br> DEC 3 1 2007 <br><br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

### NOTICE OF MOTION AND MOTION FOR STATUS CONFERENCE AND FOR ORDER RESCHEDULING RULE 16 MEETING AND INITIAL SCHEDULING CONFERENCE.

TO:   **LITTON LOAN SERVICING, LP., & MESSERS. FRIEDMAN & MacFAYDEN, ITS ATTORNEYS OF RECORD.**

**PLEASE TAKE NOTICE** that the Plaintiff hereby moves this Court pursuant to Rules 7 & 16 (a) of the *Federal Rules of Civil Procedure (FRCP)* and *Local Civil Rule ("LCvR")* 16.3 (a)(1) for orders requiring: (1) the rescheduling of the Initial Status Conference scheduled by the Court on December 19, 2007, (2) the disclosure of those items set out in *FRCP* Rule 26 & (2) a status conference before the Court.

This impetus for this motion was the discovery on Friday, December 28, 2007 that the Court had set an Initial Conference in this cause on December 19, 2007 through a review of the computer docket sheet at the United States Courthouse on that date. Plaintiff, pro se, was unaware and had not received either written or notice by e-mail that a conference had been scheduled on that date. Nor had the Plaintiff pro se received correspondence from defense counsel

that would have advised him of the Conference in question. The Plaintiff pro se has consistently sought such a conference and would have most assuredly attended such a conference had he been aware of the Conference or the Scheduling Order by the Court, a copy of which is attached and incorporated by reference as Exhibit "A."

This cause concerns the necessity and adequacy of disclosure and an accounting for a subprime mortgage loan involving the personal residence of the plaintiff located at 1768 Willard Street, Northwest, Washington, District of Columbia 20009-1719. The Plaintiff was the subject of an extortionate final demand in escrow by the mortgage servicer, Defendant Litton Loan Servicing. The complaint in this cause was filed on a *pro se* basis almost two (2) years ago by the Plaintiff, an Afro-American male citizen of the District of Columbia, in the United States District Court for the District of Columbia on January 19, 2006. The Defendant has filed an answer. Jurisdiction is based upon several Federal statutes as well as "complete diversity" between the parties within the meaning of 28 *United States Code* § 1332 between the Plaintiff and each of the defendants. Venue is based upon the residency of the Plaintiff within the District of Columbia.

This motion is based upon the instant Notice of Motion and Motion, the Declaration of Plaintiff and Movant Victor H. Sparrow, III in Support of Motion, the files and records of this cause, and any other matters which may be brought to the attention of the Court either prior to or upon the date of hearing.

Dated: December 31, 2006

                              **THE PLAINTIFF, Pro se**

                              By_____
                              Victor H. Sparrow, III
                              1768 Willard Street, Northwest
                              Washington, District of Columbia 20009
                              Telephone: (202) 246-7677

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR H. SPARROW, III**<br>1768 Willard Street, Northwest<br>Washington, District of Columbia 20009<br><br>Plaintiff,<br>v.<br><br>**LITTON LOAN SERVICING, LP.**<br>4828 Loop Central Drive<br>Houston, Texas 77081<br>Defendant. | Case No.:  **1:06cv00087 (HHK)**<br><br><br><br><br><br><br>December 31, 2006 |

## DECLARATION OF PLAINTIFF IN SUPPORT OF MOTION FOR STATUS CONFERENCE AND FOR ORDER REQUIRING A RULE 16 MEETING AND CONFERENCE.

Comes now, Plaintiff pro se Victor H. Sparrow, III, under penalty of perjury under the laws of the District of Columbia and those of the United States including but not limited to 28 *United States Code* §1746(2) based upon his own personal knowledge makes and declares this Declaration in Support of Motion for Order.

1. That I was born on January 6, 1945 at Philadelphia Pennsylvania and currently reside at 1768 Willard Street, Washington, District of Columbia 20009-1719.

2. That I am fully competent to testify and would do so to the following substance and effect in any Court or administrative tribunal of competent jurisdiction to the following substance and effect based upon my own personal knowledge.

3. This cause was originally filed in January, 2006 by the Plaintiff. The Plaintiff consistently tried to advance this matter on the Court calendar including the filing of a "Motion for Status Conference and Rule 16 Meeting" on April 21, 2006."

4. The Plaintiff was unaware of the Order for Status Conference filed on November 26, 2007 and discovered it only on December 28, 2007. The Defendant would experience no prejudice by a rescheduling of a conference in view of the fact that it was held on December 19, 2007.

5. The Plaintiff intends to fully prosecute this matter to a conclusion once a Scheduling Order has been entered by the Court.

6. I would testify to the foregoing facts in this Court or any other forum at any time under penalty of perjury if called upon to do so based upon my own personal knowledge.

This Affidavit and Declaration has been made under penalty of perjury pursuant to the laws of the District of Columbia and those of the United States of America pursuant to 28 *United States Code* §1724(d) on this 31st day of December 31, 2007 at Washington City within the District of Columbia.

Dated: December 31, 2007

_____
VICTOR H. SPARROW, III

## EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR H. SPARROW, III,<br><br>Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, LLP,<br><br>Defendant. | Civil Action 06-00087 (HHK) |

## ORDER FOR INITIAL SCHEDULING CONFERENCE

The above-captioned case has been assigned to the undersigned for resolution. The initial scheduling conference will be conducted on **December 19, 2007, at 10:00 a.m.**, Courtroom 27A, 6th floor. Counsel who attend must be sufficiently familiar with the case to answer any questions which arise; parties are welcome and are encouraged to attend.

Pursuant to LcvR 16.3(a) of the Local Rules and Fed. R. Civ. P. 26(f) and 26(f)(1), counsel shall submit their joint statement addressing all topics listed in LcvR 16.3(c) no later than 14 days following their meeting. Counsel are also directed to either include in their joint statement or in a supplemental pleading to be filed no later than 72 hours prior to the initial scheduling conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

Counsel are required to comply with Local Civil Rule 16.3 and, in particular, Rule 16.3(c), as amended August 15, 1995, and attached hereto as Appendix II. In considering what form of alternative dispute resolution the parties think the case is most suited for, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case.

Extensions or enlargements of time will not be granted at any time solely upon stipulation by the parties. Any requests for continuance or other scheduling change must include alternative dates that have been agreed to by all the parties. Requests that do not include an alternative date acceptable to all the parties will be denied.

Parties are to communicate with the court by motion, opposition, reply, and not by letter. Inquiries concerning the status of any pending matter shall be directed to the courtroom deputy, Tanya Johnson (202) 354-3141, or if she is unavailable, to the staff person in the Clerk's Office designated as her substitute. Chambers will not answer questions regarding any pending matters before Judge Kennedy. In an emergency, however, chambers can be reached at (202) 354-3350.

## APPENDIX I
*(Case Tracking Schedules)*

The following are the presumptive schedules the court shall follow. Variations may be appropriate in light of individual case differences. All time-frames are calculated from the date of the initial scheduling conference unless otherwise indicated.

|  | Track One (Fast) | Track Two (Standard) | Track Three (Complex) |
|---|---|---|---|
| Exchange witness lists | 15 days | 30 days | 60 days |
| Deadline for Post-R. 26(a) discovery requests | 30 days | 45 days | 90 days |
| Proponent's R. 26(a)(2) statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) statements | N/A | 90 days | 150 days |
| <u>All</u> discovery closed | 60 days | 120 days | 180 days |

3


## APPENDIX II
*(Local Civil Rule 16.3 - Duty to Meet and Confer)*

(c) Matters to be discussed by the parties.

At the meeting required by this Rule, the parties shall discuss the following matters:

\* \* \*

(5) Whether the case could benefit from the court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

> (i) the client's goals in bringing or defending the litigation;
>
> (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;
>
> (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:
>
>> (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
>>
>> (bb) whether ADR should take place before or after the judicial resolution of key legal issues;
>
> (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
>
> (V) whether cost savings or any other practical advantage would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending.

4

# PROOF OF SERVICE

I, Trung Van La, state and declare under penalty of perjury that I am a citizen of the United States and that I reside in the City of Silver Spring, County of Montgomery, State of Maryland. I am over the age of eighteen (18) years and not a party to the above encaptioned action. My business address is 1200 New Hampshire Avenue, N.W., Washington, District of Columbia 20036.

On the day set forth below I served the within "**NOTICE OF MOTION & MOTION TO RESCEDULE STATUS CONFERENCE**" in Civil Action No.: **05 0581 HHK** in the United States District Court for the District of Columbia on each of the Defendants by placing a true copy thereof enclosed in a sealed envelope with first class Postage thereon fully prepaid, in the United States Postal Service Mail depository at Washington City within the District of Columbia, addressed to each of the following:

> Kenneth MacFadyen, Esquire
> Michael T. Cantrell, Esquire
> Friedman & MacFadyen
> 210 East Redwood Street
> Baltimore, Maryland 21202

I declare under penalty of perjury under the law of the District of Columbia that the foregoing is true and correct pursuant to 28 *United States Code* §1746.

Executed at Washington City, within the District of Columbia on December 31, 2007.

Dated: December 31, 2007

TVL
_____
**TRUNG VAN LA**