IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**VICTOR H. SPARROW, III**                  ) Case No. **06 0087 HHK**
1768 Willard Street, Northwest              )
Washington, District of Columbia 20009      )
                                            )
                        Plaintiff,          )           **RECEIVED**
            v.                              )
                                            )            MAR 2 7 2008
**LITTON LOAN SERVICING, LP.**              )
4828 Loop Central Drive                     )    NANCY MAYER WHITTINGTON, CLERK
Houston, Texas 77081 *et al.*               )          U.S. DISTRICT COURT
                        Defendants.         )

## PLAINTIFF'S RULE 206(d) REPORT
## AND PROPOSED SCHEDULING ORDERS

Plaintiff, *pro se*, Victor H. Sparrow, III, in the absence of a Rule 206(d) meeting respectfully submits this draft Rule 206(d) report. In the absence of a meeting, the parties were unable to reach agreement on proposed schedules for discovery and trial of this matter, Plaintiff is submitting the proposed scheduling orders for the Court's consideration.[1]

1. Case Tracking Category.

This case should be placed on the Standard Track pursuant to Local Rule 206.1 and that the initial disclosure requirements of Fed. R. Civ. P. 26 shall apply.

2. Date for Pleadings Amendments.

Plaintiff's position: All parties are now joined, unless the mortgage loan in question was ever "securitized" or transferred to another party and all pleadings amended, by July 1, 2008, or such other time as the Court may allow.

---

[1] Please refer to "Declaration of Plaintiff in Support of Submission of Local Rule 206 Report" attached and incorporated by reference as if fully set out herein.

3. <u>Assignment to Magistrate Judge.</u>

The Plaintiff does agree that this case could be assigned to a magistrate judge for all purposes.

4. <u>Settlement.</u>

Plaintiff presented the elements of a potential settlement of this matter shortly after this matter was filed. Although Defendant initially expressed an interest in resolving this matter, but it remains unclear whether there is a realistic possibility of settling the case.

5. <u>Alternative Dispute Resolution (ADR).</u>

The Plaintiff believes that the case would benefit from alternative dispute resolution procedures.

6. <u>Dispositive Motions.</u>

Plaintiff's position: The case cannot be resolved by dispositive motions.

7. <u>Discovery.</u>

Plaintiff has served on defendant a Rule 34 Request for Production of Documents, Rule 36 Request for Admissions, Rule 33 Interrogatories, and identified employees of defendants for deposition, as well as requested a Rule 30(b)(6) designee. The designation has not been made nor have there been adequate responses to the discovery requests of the Plaintiff. At this time, it is impossible to identify third party discovery materials or individuals. Plaintiff requests that the Court's scheduling order provide for a date certain by which third parties will be required to object to the production of documents and seek any additional protections to the stipulated protective order they deem necessary. Plaintiff shall raise the issue of a possible need for the testimony of Kenneth MacFayden, Esquire regarding the knowledge of Litton of the need for an accurate payment history and statement.

Plaintiff proposes beginning discovery again and a discovery schedule leading to a trial date in November 2008. Plaintiff's position is that an immediate

conference should be held to allow for an orderly and efficient approach to the scheduling of this matter.

Plaintiff's and defendants' proposals as to the remaining discovery and pretrial issues are as follows:

8. Discovery and Trial Schedule

April 18 -- parties submit joint Rule 206 report to Court.

June 24 - July 1 -- Court holds scheduling conference; entry of stipulated protective order; entry of scheduling order.

June 30 -- Date for third parties to object to production of documents.

September 1-- Fact discovery cutoff, except that on need shown parties may take deposition of any witness not previously taken until September 15, 1998.

September 14 -- Plaintiff's expert report.

September 15 -- Deadline for filing dispositive motions.

September 22 - October 2 -- Time period for parties to conduct depositions of experts.

October 16 -- Pretrial Conference.

November 3 -- Trial begins.

9. Discovery Provisions

Interrogatory Limits -- each side collectively shall be limited to 80 additional interrogatories, including subparts.

Deposition Limits -- plaintiff shall be permitted to conduct 8 depositions; defendants collectively shall be permitted to conduct 8 depositions.

Timing of Discovery Responses -- responses to interrogatories, requests for documents, and requests for admissions shall be served no later than 20 days after receipt.

10. Bifurcation.

The Plaintiff believes that this case should not bifurcated.

11. <u>Pretrial Conference and Other Pretrial Matters.</u>

Plaintiff's position: The pretrial conference should be held October 16, 2008.

12. <u>Trial Date.</u>

Plaintiff's position: This case should proceed to trial in early November 2008. Plaintiff believes that the Court should now hold a Scheduling Conference pursuant to Local Rule 206.1(b) to scheduling issues.

13. <u>Other Matters.</u>

Plaintiff renews his motion for "mandatory judicial notice" of the "Order Granting Plaintiffs' Motion for Certification of a Nationwide RESPA Class" filed in Case No. CV 05-07673 MMM in the United States District Court for the Central District of California pursuant to Rule 201(d) of the *Federal Rules of Civil Evidence (FRE)*.[2] The Plaintiff also moves the Court to take "mandatory judicial notice" of the "Company Report on Litton Loan Servicing" by the Better Business Bureau of Metropolitan Houston Texas." These documents speak, inter alia, to certain deficiencies of the accounting practices of the Defendant and its business practices.

Dated: <u>March 26, 2008</u>

Respectfully submitted,

_____
VICTOR H. SPARROW, III
Plaintiff, Pro Se
1768 Willard Street, Northwest
Washington, D.C. 20009

Telephone: (202) 246-7677

---

[2] This case from the Central District of California was filed against Litton Loan Servicing; L.P. on October 25, 2006, approximately ten (10) months after this case was filed.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICTOR H. SPARROW, III**<br>1768 Willard Street, Northwest<br>Washington, District of Columbia 20009<br><br>Plaintiff,<br><br>v.<br><br>**LITTON LOAN SERVICING, LP.**<br>4828 Loop Central Drive<br>Houston, Texas 77081 *et al.*<br>Defendants. | ) Case No. **06 0087 HHK**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF PLAINTIFF IN SUPPORT
## OF UNILATERAL SUBMISSION OF RULE 206(d) REPORT
## AND PROPOSED SCHEDULING ORDER

Comes now Victor H. Sparrow, III, under penalty of perjury under the laws of the State of Maryland and those of the United States including 28 *United States Code* § 1746 and makes this "Declaration of Plaintiff of Unilateral Submission of Rule 206(d) Report and Proposed Scheduling Order" and states as follows:

1. This Declaration is based upon my own personal knowledge for the specific purpose of supporting the annexed Plaintiff's Motion for Preliminary Injunction and its annexed "Rule 206(d) Report and Proposed Scheduling Order." Each of the annexed Exhibits One through Nine is a true and correct copy of a document, which is now or has been in my possession. I would testify to the following substance and effect if called upon to do so in any Court or administrative tribunal of competent jurisdiction.

2.    I am fully competent to testify having been born on January 6, 1945 in Philadelphia, Pennsylvania. I am citizen of the United States and of the District of Columbia.

3.    I am thoroughly familiar with the facts and circumstances of this cause surrounding requests for statements from Defendant Litton Loan Services for the payment history for my mortgage loan for 1768 Willard Street, N.W., Washington, District of Columbia and the subsequent submission of a "payoff demand" from Litton to the title company, Press & Press in December 2005.

4.    On January 10, 2008, January 11, 2008, and February 3, 2008, I wrote counsel for Defendant Litton Loan Services requesting the scheduling of a Local Rule 16 and 206 meeting. True xerographic copies of these letters are attached and incorporated by reference as Exhibits One through Three.

5.    On February 12, 2008, I received a response from counsel for Litton advising me that he "… would be in touch with [me] shortly to review the substance of the same." A true xerographic copy of the e-mail from Michael J. Cantrell, Esquire is attached and incorporated by reference as Exhibit Four.

6.    On March 16, 2008 and March 19, 2008, I wrote counsel for Defendant Litton Loan Services (Messers. MacFayden and Cantrell) requesting the scheduling of a Local Rule 16 and 206 meeting by e-mail and by letter enclosing draft documents. True xerographic copies of these e-mails are attached and incorporated by reference as Exhibits Five and Six.

7.    As of this date, I have had received no substantive response from counsel regarding my proposal for a Rule 206 meeting or to the draft documents. In the absence of a substantive response, I have submitted a draft Rule 206 Report for consideration by the Court.

8.    I would testify to the foregoing substance and effect facts in this

Court or any other forum of competent jurisdiction at any time

under penalty of perjury if called upon to do so based upon my

own personal knowledge.

This Declaration has been made under penalty of perjury pursuant

to the laws of the District of Columbia and those of the United States of

America pursuant to 28 *United States Code* §1746 on this <u>26th</u> day of

March, 2008 at Washington City within the District of Columbia.


Dated: **March 26, 2008**

_____
VICTOR H. SPARROW, III

## PROOF OF SERVICE

I, Victor H. Sparrow III, state and declare under penalty of perjury that I am a citizen of the United States and that I reside within the City of Washington, District of Columbia. I am over the age of eighteen (18) years. My residence address is 1768 Willard Street, N.W., Washington, District of Columbia 20009.

On the day set forth below I served the within " LOCAL RULE 206 REPORT" in Civil Action No.: **06 0087 HHK** in the United States District Court for the District of Columbia on each of the Defendants by placing a copy of the same document postage prepaid in the United States Mail at Washington City upon all of the Defendants in this cause, through counsel.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct pursuant to Section 2015.5 of the California Code of Civil Procedure.

Executed at Washington City, within the District of Columbia on March 26, 2008.

Dated: <u>March  26, 2008</u>

_____
**VICTOR H. SPARROW, III**