**EXHIBIT "1"**

**VICTOR H. SPARROW, III**
1768 Willard Street, Northwest
Washington, District of Columbia 20009-1719

Telephone: (202) 246-7677

January 11, 2008


Kenneth MacFadyen, Esquire
Michael T. Cantrell, Esquire
Friedman & MacFadyen
210 East Redwood Street
Baltimore, Maryland 21202

Re:  Sparrow v. Litton Loan Servicing, LP
     Civil Case Number: **06 0087 HHK**
     <u>United States District Court for the District of Columbia</u>

Gentlemen:

The purpose of this letter is to request your assistance in scheduling the meeting required by Rule 16 of the ***Federal Rules of Civil Procedure*** as well as Local Rule 16.3 of the Rules of the United States District Court for the District of Columbia. A copy of Local Rule 16.3 is attached for your ready reference and review.

Please provide me with a convenient time after 2:00 p.m. any day during the week of January 28, 2008. The meeting will be conducted in the second floor conference room of Meiwah Restaurant located at 1200 New Hampshire Avenue, Northwest, Washington, District of Columbia 20036. The meeting is in preparation for the status conference set for 11:30 a.m. on February 22, 2008.

Please note that I may also be reached at my e-mail address of volpone@flash.net.

Thank you for your continuing courtesy and anticipated attention to this matter.


Sincerely,

_____
Victor H. Sparrow, III

**EXHIBIT "2"**

**EXHIBIT "3"**

# Victor H. Sparrow, III

| | |
|---|---|
| **From:** | Victor H. Sparrow, III [crookback@verizon.net] |
| **Sent:** | Sunday, February 03, 2008 23:46 |
| **To:** | Kenneth MacFadyen, Esquire |
| **Cc:** | Michael T. Cantrell, Esquire |
| **Subject:** | Sparrow v. Litton Loan Servicing, L.P. (Civil Case Number: 06 0087 HHK) |
| **Attachments:** | 01-11-08   Local Civil Rule 26 (USDCDC).doc |

February 3, 2008

Gentlemen:

The purpose of this note is to follow up on my e-mail and letter to you each of January 10, 2008 regarding the scheduling of a Local Rule 16 meeting.

Since I have not been favored with the courtesy of a response, I shall file the required documentation with the Clerk of the District Court if there continues to be no communication from your office.

Thank you for your continuing courtesy and cooperation.

Sincerely,

Victor H. Sparrow, III


**From:** Victor H. Sparrow, III [mailto:crookback@verizon.net]
**Sent:** Thursday, January 10, 2008 11:35 PM
**To:** Kenneth MacFadyen, Esquire
**Cc:** Michael T. Cantrell, Esquire
**Subject:** Sparrow v. Litton Loan Servicing, L.P. (Civil Case Number: 06 0087 HHK)

January 11, 2008


Kenneth MacFadyen, Esquire
Michael T. Cantrell, Esquire
Friedman & MacFadyen
210 East Redwood Street
Baltimore, Maryland 21202

Re:   Sparrow v. Litton Loan Servicing, LP
      Civil Case Number: **06 0087 HHK**
      <u>United States District Court for the District of Columbia</u>

Gentlemen:

The purpose of this letter is to request your assistance in scheduling the meeting required by Rule 16 of the ***Federal Rules of Civil Procedure*** as well as Local Rule 16.3 of the Rules of the United States District Court for the District of Columbia.  A copy of Local Rule 16.3 is attached for your ready reference and review.

Please provide me with a convenient time after 2:00 p.m. any day during the week of January 28, 2008. The meeting will be conducted in the second floor conference room of Meiwah Restaurant located at

1

1200 New Hampshire Avenue, Northwest, Washington, District of Columbia 20036. The meeting is in preparation for the status conference set for 11:30 a.m. on February 22, 2008.

Please note that I may be reached at my e-mail address of volpone@flash.net.

Thank you for your continuing courtesy and anticipated attention to this matter.


Victor H. Sparrow, III

**EXHIBIT "4"**

**Victor H. Sparrow, III**

| | |
|---|---|
| **From:** | mike@fmlaw.com |
| **Sent:** | Tuesday, February 12, 2008 17:32 |
| **To:** | crookback@verizon.net |
| **Cc:** | mike@fmlaw.com; Volpone@Flash.Net |
| **Subject:** | 533807; Sparrow, III v. Litton; Case No. 06-00087 (Pro Hac Vice inq) |

Mr. Sparrow,

We are in receipt of your recent emails in this matter and will be in touch with you shortly to review the substance of the same.

Also, I intend to file a motion to request the court to allow Kenneth MacFadyen, Esquire to participate in this matter as co-counsel and would like to know if you have any objections to such request. Please advise at your earliest convenience.

If you have any questions, please do not hesitate to let me know.

Thank you,

/s/

Michael T. Cantrell, Esquire
210 East Redwood Street, #400
Baltimore, MD 21202
Office(410) 685-1763 x120
Fax (410) 727-1759

===============================================CONFIDENTIALITY NOTICE===========================================
This information contains confidential and/or privileged material and is only transmitted for the intended recipient. Any review,retransmission, conversion to hard copy, copying, reproduction,circulation, publication, dissemination or other use of, or taking of any action, or omission to take action,in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you have received this message in error,please contact the sender and delete the material from any computer, disk drive,diskette, or other storage device or media.

================================================================================================================

1

**Victor H. Sparrow, III**

---

**From:** Victor H. Sparrow, III [crookback@verizon.net]
**Sent:** Tuesday, February 12, 2008 18:21
**To:** 'mike@fmlaw.com'
**Subject:** RE: 533807; Sparrow, III v. Litton; Case No. 06-00087 (Pro Hac Vice inq)

I have no objection and would welcome his participation.

**From:** mike@fmlaw.com [mailto:mike@fmlaw.com]
**Sent:** Tuesday, February 12, 2008 5:32 PM
**To:** crookback@verizon.net
**Cc:** mike@fmlaw.com; Volpone@Flash.Net
**Subject:** 533807; Sparrow, III v. Litton; Case No. 06-00087 (Pro Hac Vice inq)

Mr. Sparrow,

We are in receipt of your recent emails in this matter and will be in touch with you shortly to review the substance of the same.

Also, I intend to file a motion to request the court to allow Kenneth MacFadyen, Esquire to participate in this matter as co-counsel and would like to know if you have any objections to such request. Please advise at your earliest convenience.

If you have any questions, please do not hesitate to let me know.

Thank you,

/s/

Michael T. Cantrell, Esquire
210 East Redwood Street, #400
Baltimore, MD 21202
Office(410) 685-1763 x120
Fax (410) 727-1759

==============================CONFIDENTIALITY NOTICE=================================
This information contains confidential and/or privileged material and is only transmitted for the intended recipient. Any review,retransmission, conversion to hard copy, copying, reproduction,circulation, publication, dissemination or other use of, or taking of any action, or omission to take action,in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you have received this message in error,please contact the sender and delete the material from any computer, disk drive,diskette, or other storage device or media.
=========================================================================================

1

**EXHIBIT "5"**

# Victor H. Sparrow, III

| | |
|---|---|
| From: | Victor H. Sparrow, III [crookback@verizon.net] |
| Sent: | Wednesday, March 19, 2008 16:21 |
| To: | Michael T. Cantrell, Esquire |
| Cc: | Kenneth MacFadyen, Esquire |
| Subject: | FW: 533807; Sparrow, III v. Litton; 13137435; Case 06-00087 (Call to Confer) |
| Attachments: | 03-16-08 Rule 26(a)(1) Disclosure Statement (Litton).docx; 03-16-08 Outline for 206 Meeting (Litton Loan).docx |

March 19, 2008

Dear Mr. Cantrell:

The purpose of this note is to follow up on my response to your recent note regarding our pretrial conference scheduled before the Court in Washington on April 11, 2008. Draft documents were attached addressing what I believed to be the relevant are the salient considerations. Upon further review, the following additional issues came to light.

In addition to your client's, Mr. Harrison Moore, IV and 30(b)(6) designee, I would also like to take the deposition of Ms. Elvira Noseworthy. In reviewing the complaint, it may be likely that I shall have to take the deposition of Mr. MacFadyen regarding certain actions which Litton did or did not take regarding inquiries directed to Litton through counsel. I am aware of the scope of attorney-client privilege and any inquiry of Mr. MacFadyen would be outside of the scope of attorney-client communications regarding legal advice. The FRCP 30(b)(6) should also be familiar with my account in particular and "pay off" request generally as well as scheduling and customer notifications of and for increases for Litton's subprime products.

Please also be advised that I shall raise the issue of the sufficiency of Litton's response to both interrogatories and request for admissions.

Finally, I would point out that my scheduling request for a personal meeting prior to the pretrial conference remains outstanding.

May I hear from your office shortly?

Thanks and regards,

Victor H. Sparrow, III

**From:** Victor H. Sparrow, III [mailto:crookback@verizon.net]
**Sent:** Sunday, March 16, 2008 9:10 PM
**To:** 'mike@fmlaw.com'
**Cc:** Kenneth J. MacFadyen, Esquire
**Subject:** RE: 533807; Sparrow, III v. Litton; 13137435; Case 06-00087 (Call to Confer)

March 16, 2008

Dear Mr. Cantrell:

The purpose of this note is to respond to your recent note regarding our pretrial conference scheduled before the Court in Washington on April 11, 2008. I have attached draft documents addressing what I believe are the relevant are the salient considerations. I would also like to be in a position to schedule the depositions of the three (3) Litton witnesses including but not limited to the Rule 30(b)(6) to be designated by Litton.

1

My preference would be to meet on Friday of next week or Monday of next week face to face to review and discuss these issues.

Thank you for your continuing courtesy and cooperation.

Sincerely,

Victor H. Sparrow, III

**From:** mike@fmlaw.com [mailto:mike@fmlaw.com]
**Sent:** Monday, March 10, 2008 11:44 AM
**To:** volpone@flash.net
**Cc:** mike@fmlaw.com
**Subject:** 533807; Sparrow, III v. Litton; 13137435; Case 06-00087 (Call to Confer)

Mr. Sparrow

Please contact my office so that we can discuss this case and submit a statement to the court accordingly.

If you have any questions, please do not hesitate to let me know.

Thank you,

/s/

Michael T. Cantrell, Esquire
210 East Redwood Street, #400
Baltimore, MD 21202
Office(410) 685-1763 x120
Fax (410) 727-1759


================================CONFIDENTIALITY NOTICE===================================
This information contains confidential and/or privileged material and is only transmitted for the intended recipient. Any review,retransmission, conversion to hard copy, copying, reproduction,circulation, publication, dissemination or other use of, or taking of any action, or omission to take action,in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you have received this message in error,please contact the sender and delete the material from any computer, disk drive,diskette, or other storage device or media.


==========================================================================================

2

**EXHIBIT "6"**

# Victor H. Sparrow, III

| | |
|---|---|
| **From:** | Victor H. Sparrow, III [crookback@verizon.net] |
| **Sent:** | Wednesday, March 19, 2008 16:21 |
| **To:** | Michael T. Cantrell, Esquire |
| **Cc:** | Kenneth MacFadyen, Esquire |
| **Subject:** | FW: 533807; Sparrow, III v. Litton; 13137435; Case 06-00087 (Call to Confer) |
| **Attachments:** | 03-16-08 Rule 26(a)(1) Disclosure Statement (Litton).docx; 03-16-08 Outline for 206 Meeting (Litton Loan).docx |

March 19, 2008

Dear Mr. Cantrell:

The purpose of this note is to follow up on my response to your recent note regarding our pretrial conference scheduled before the Court in Washington on April 11, 2008. Draft documents were attached addressing what I believed to be the relevant are the salient considerations. Upon further review, the following additional issues came to light.

In addition to your client's, Mr. Harrison Moore, IV and 30(b)(6) designee, I would also like to take the deposition of Ms. Elvira Noseworthy. In reviewing the complaint, it may be likely that I shall have to take the deposition of Mr. MacFadyen regarding certain actions which Litton did or did not take regarding inquiries directed to Litton through counsel. I am aware of the scope of attorney-client privilege and any inquiry of Mr. MacFadyen would be outside of the scope of attorney-client communications regarding legal advice. The FRCP 30(b)(6) should also be familiar with my account in particular and "pay off" request generally as well as scheduling and customer notifications of and for increases for Litton's subprime products.

Please also be advised that I shall raise the issue of the sufficiency of Litton's response to both interrogatories and request for admissions.

Finally, I would point out that my scheduling request for a personal meeting prior to the pretrial conference remains outstanding.

May I hear from your office shortly?

Thanks and regards,

Victor H. Sparrow, III

**From:** Victor H. Sparrow, III [mailto:crookback@verizon.net]
**Sent:** Sunday, March 16, 2008 9:10 PM
**To:** 'mike@fmlaw.com'
**Cc:** Kenneth J. MacFadyen, Esquire
**Subject:** RE: 533807; Sparrow, III v. Litton; 13137435; Case 06-00087 (Call to Confer)

March 16, 2008

Dear Mr. Cantrell:

The purpose of this note is to respond to your recent note regarding our pretrial conference scheduled before the Court in Washington on April 11, 2008. I have attached draft documents addressing what I believe are the relevant are the salient considerations. I would also like to be in a position to schedule the depositions of the three (3) Litton witnesses including but not limited to the Rule 30(b)(6) to be designated by Litton.

1

My preference would be to meet on Friday of next week or Monday of next week face to face to review and discuss these issues.

Thank you for your continuing courtesy and cooperation.

Sincerely,

Victor H. Sparrow, III

**From:** mike@fmlaw.com [mailto:mike@fmlaw.com]
**Sent:** Monday, March 10, 2008 11:44 AM
**To:** volpone@flash.net
**Cc:** mike@fmlaw.com
**Subject:** 533807; Sparrow, III v. Litton; 13137435; Case 06-00087 (Call to Confer)

Mr. Sparrow

Please contact my office so that we can discuss this case and submit a statement to the court accordingly.

If you have any questions, please do not hesitate to let me know.

Thank you,

/s/

Michael T. Cantrell, Esquire
210 East Redwood Street, #400
Baltimore, MD 21202
Office(410) 685-1763 x120
Fax (410) 727-1759

========================================CONFIDENTIALITY NOTICE================================

This information contains confidential and/or privileged material and is only transmitted for the intended recipient. Any review,retransmission, conversion to hard copy, copying, reproduction,circulation, publication, dissemination or other use of, or taking of any action, or omission to take action,in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you have received this message in error,please contact the sender and delete the material from any computer, disk drive,diskette, or other storage device or media.

==============================================================================================

2

a. <u>Tracking Category</u>. This case cannot be properly categorized as either "standard" or "complex" until such time as initial discovery has occurred;

b. <u>Additional Parties.</u> The issue of intervention must be resolved. The factual and legal issues may be narrowed with the Rule 26 "Initial Disclosures" and discovery;

c. <u>Magistrate Judge.</u> I would favor the assignment of this cause to a magistrate judge for all purposes;

d. <u>Settlement.</u> I would welcome the a discussion of the possibility of settlement;

e. <u>ADR.</u> I would favor ADR as a method of settling this matter and would not object to a "neutral evaluation" both as to the issues of discovery and merits within the meaning of Rule 206( c)(5)(iv) of the Local Rules;

f. <u>Summary Judgment.</u> Rule 12 motions are not applicable because the defendants have already filed answers in this cause. My intention to file a motion for partial summary judgment on the issue of the applicability of *res ipsa locquitur* to this cause insofar as Litton Loan is concern. I would welcome the establishment of a timetable as to such a motion;

g. <u>Rule 26(a)(1) Disclosures.</u> I would object to any modification of the Rule 26(a)(1) disclosure requirements;

h. <u>Discovery.</u> We would be prepared to discuss the discovery issues associated with Local Rule 206(c)(8) & (9) at the meeting. Expert witnesses will be designated later as discovery proceeds. Discovery deemed served.

i. <u>Class Action.</u> The issues contemplated by Rule 206 ( c)(10) would not appear to be applicable;

j. <u>Bifurcation.</u> Bifurcation under 206(11) is not necessary.

k. <u>Pretrial Conference.</u> Pretrial Conference should take place August 1, 2008.

l. <u>Trial Date.</u> The Court should establish a trial date of November 1, 2008.

m. All of the remaining issues may be discussed at our initial meeting.

(1) Initial Disclosures.

Except to the extent otherwise stipulated or directed by order or local rule, a party shall, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Unless otherwise stipulated or directed by the court, these disclosures shall be made at or within 10 days after the meeting of the parties under subdivision (f). A party shall make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.